NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2179
_____

RONALD M. MINZTER,
Appellant

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:21-cv-05595)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 5, 2024
_____

Before:  JORDAN, PHIPPS, and FREEMAN, *Circuit Judges*

(Filed: September 19, 2024)
_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

The holder of a disability insurance policy suffered a loss of manual function that

prevented him from performing surgery, and he submitted a claim for total-disability

benefits under that policy.  The insurance company denied that claim, and the policyholder

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

sued. The District Court entered summary judgment in favor of the insurance company, and on *de novo* review, we will affirm that judgment.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Dr. Ronald Minzter, a New Jersey citizen, is board certified in ophthalmology. Ophthalmology is a medical discipline concerned with eye disorders, including their surgical treatment. Since the early 1990s, Minzter's medical practice has specialized in the treatment of two eye disorders, strabismus and amblyopia.[1] As part of his practice, Minzter spent about 5% of his working time operating, by his own estimation. The other 95% of his practice involved other forms of patient care and administrative tasks.

In 1993, early in his career, Minzter bought an own-occupation disability policy from Provident Life and Accident Insurance Company, a Tennessee corporation with its principal place of business in Tennessee. That policy provides coverage for disabilities related to Minzter's occupation, which, through the 'Occupation Clause,' is defined as "the occupation (or occupations, if more than one) in which [he is] regularly engaged at the time [he] become[s] disabled." Policy 4 (JA104). To qualify for total-disability benefits "due to [i]njuries or [s]ickness," Minzter must be unable "to perform the substantial and material duties of [his] occupation" or occupations. *Id.*

In 2019, Minzter did become disabled. That summer, his doctor diagnosed him with severe ulnar neuropathy in his left hand. That condition prevents him from safely performing eye surgery, and since his diagnosis, he has not performed any operations.

---

[1] Strabismus involves the misalignment of the eyes. *See Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1448 n.1 (7th Cir. 1995). Amblyopia, commonly referred to as 'lazy eye,' impairs the ability to see clearly. *See Kirkingburg v. Albertson's, Inc.*, 143 F.3d 1228, 1230 (9th Cir. 1998), *rev'd on other grounds*, 527 U.S. 555 (1999).

2

Despite not performing surgery, Minzter has continued to treat patients with strabismus and amblyopia and to receive new patients.

Based on his inability to perform surgery, Minzter filed a claim with Provident in late 2019 for total-disability benefits. Provident denied that claim because Minzter still could perform several of his substantial and material job duties.[2]

After an unsuccessful internal appeal of that denial-of-benefits decision, Minzter sued Provident in the District Court. He claimed that by denying him total-disability benefits, Provident breached its contract and violated the New Jersey Unfair Claim Settlement Practices Act, N.J. Stat. § 17:29B-4(9). For relief, he sought compensatory damages, punitive damages, and a declaratory judgment, among other things. Because the suit was between citizens of different states with an amount in controversy over $75,000, the District Court had diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

After discovery, the parties filed cross-motions for summary judgment, which the District Court resolved in Provident's favor. Through a timely notice of appeal of that final order, Minzter invoked this Court's appellate jurisdiction. *See id.* § 1291. He now contends that the District Court erred in rejecting his breach of contract claim for total-disability benefits.

## DISCUSSION

By rule, a court may grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Also, under "the *Celotex* method," a movant may obtain summary judgment

---

[2] Provident also evaluated whether Minzter would alternatively qualify for residual-disability benefits, which requires an inability to perform one or more substantial and material occupational duties, resulting in a loss of 20% or more of monthly income. Provident denied residual benefits due to a lack of supporting information, and Minzter did not challenge that decision in this lawsuit.

by demonstrating that the nonmoving party has failed to offer sufficient evidence to establish an essential element of its case for which it bears the burden of proof at trial. *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 630 (3d Cir. 2024) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Though both parties moved for summary judgment before the District Court, Minzter contests only the grant of Provident's motion, not the denial of his own. He therefore was the nonmoving party on the motion now on appeal, which the Court reviews *de novo*. *See Pichler v. UNITE*, 542 F.3d 380, 385 (3d Cir. 2008). So, to survive summary judgment under the *Celotex* method, he must have offered sufficient evidence to support his claims.

### A. There is no genuine dispute of material fact as to Minzter's occupation for purposes of the Occupation Clause.

The parties sharply disagree about Minzter's occupation at the time he became disabled. Minzter asserts that he was an ophthalmic surgeon. Provident counters that Minzter defines his occupation too narrowly (so that he may more easily show that he cannot perform its substantial and material duties) and that his occupation is better understood to be an ophthalmologist.

That dispute, however, is not material. The Occupation Clause accounts for the possibility that a policyholder may have multiple occupations. *See* Policy 4 (JA104) ("Your occupation means the occupation *(or occupations, if more than one)* in which you are regularly engaged at the time you become disabled." (emphasis added)). Thus, accepting Minzter's evidence as true, one of his occupations was ophthalmic surgeon. But that evidence does not establish that ophthalmic surgeon was his only occupation. To the contrary, other undisputed evidence – such as the fact that eye surgery can be performed only by ophthalmologists and Minzter's own deposition testimony, in which he stated, "I'm an ophthalmologist and I'm a pediatric ophthalmologist," Minzter Dep. 17:13–14 (JA319)

4

– indicates that he also worked as an ophthalmologist. Thus, for purposes of applying the Occupation Clause at summary judgment, Minzter's occupation may be treated as ophthalmic surgeon and ophthalmologist.

### B. Minzter has failed to show that he cannot perform the substantial and material duties of his occupations.

In light of the Occupation Clause, for Minzter to survive summary judgment on his claim for total-disability benefits, he had to produce evidence of his inability to perform the substantial and material duties of an ophthalmic surgeon *and* an ophthalmologist. *See* Policy 4 (JA104). Minzter has produced evidence that he cannot perform surgery. Even supposing that performing surgery is the only substantial and material duty of an ophthalmic surgeon, Minzter must still produce evidence that he cannot perform the substantial and material duties of an ophthalmologist. To do so, Minzter could show either that surgery was the only substantial and material duty of an ophthalmologist or, if there were other substantial and material duties of an ophthalmologist, that he could not perform those. He makes neither showing. At most, he argues that he qualifies for total-disability benefits because surgery was essential to his occupation. *See McCann v. Unum Provident*, 907 F.3d 130, 150–51 (3d Cir. 2018); *Lasser v. Reliance Standard Life Ins. Co.*, 344 F.3d 381, 387–88 (3d Cir. 2003). But the undisputed evidence does not permit the conclusion that surgery was essential to his occupation because he maintained his practice even after he could no longer perform surgery. Thus, under the *Celotex* method, Minzter has failed to establish an essential element of his case for which he bears the burden of proof at trial.

\* \* \*

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in Provident's favor.

5